THE STATE OF OHIO, APPELLANT, *v.* HEATON, APPELLEE.

[Cite as State v. Heaton, 10 Ohio App. 2d 44.]

(No. 27932—Decided April 13, 1967.)

*Mr. William T. Monroe,* director of law of the city of Euclid, and *Mr. Robert Steele,* for appellant.
*Mr. Robert Krupansky,* for appellee.

CORRIGAN, C. J. It is upon application of the director of law of the city of Euclid pursuant to the provisions of Sections 2945.67 and 2945.68, Revised Code, that we have this appeal before us, excepting to a decision of the Euclid Municipal Court in granting appellee's motion to dismiss the affidavit and discharge the defendant, who was charged with engaging in common labor on Sunday, January 30, 1966, in violation of Section 3773.24, Revised Code.

The director of law and the assistant director of law of the city of Euclid in the prosecution of criminal cases are designated prosecuting attorney and assistant prosecuting attorney, respectively, in accordance with the provisions of Section 1901.34, Revised Code.

For its assignments of error appellant urges in two branches that:

1. The court erred in determining that the facts proved by appellant with respect to the conduct of appellee did not prove that appellee engaged in common labor on the date and at the place charged; and

2. The court erred in determining that the state of Ohio had not proved the appellee to be guilty beyond a reasonable doubt.

On the day in question, one Geraldine Heighton entered the Giant Tiger Discount Store at 22480 Shore Center Drive, Euclid, at 4:30 p. m. The store was open and she observed other people in the store. She walked all around the store looking at various items. She selected a Corning Ware cooking dish with lid from a counter and carried it to an enclosure near the checkout counter where she met Geraldine Heaton, appellee herein. Mrs. Heighton inquired of Geraldine Heaton if she could pay by check for the merchandise she had selected and was told by appellee that the articles could be paid for by check if the check was for the exact amount of the purchase. The appellee then directed Mrs. Heighton to the checkout counter and told her to secure a cash register receipt for the amount of the purchase. Mrs. Heighton did this, brought the cash register receipt back to appellee, and made out a check to Giant Tiger Store for the exact amount of her purchase. Appellee then checked Mrs. Heighton's identification, stamped the back of the check, and initialed the back of the check. Appellee then told Mrs. Heighton to return to the cashier with the check, and the latter accepted the check and packaged the merchandise.

The single issue before us is whether, under the facts stated, appellee engaged in common labor contrary to Section 3773.-24, Revised Code. That section in its pertinent part provides:

"No person, firm, or corporation shall engage in common labor or suffer or permit a building or place to be open for transaction of business, or require a person in his employ or under his control to engage in common labor or to open a building or place for the transaction of business on Sunday. In prosecutions under this section complaints shall be made within ten days after a violation."

In granting defendant's motion to discharge at the conclusion of the city's case, the trial court said:

"* * *. I think there have been a number of courts that have held that common labor may be the difference between a skillful laborer and an unskillful laborer. Unfortunately, there is no evidence before this court as to whether the duties that Miss Heaton performed on this day were skillful or unskillful. Also, the court has no facts before it as to whether her duties were intellectual in nature. Perhaps this is just a sideline as far as her job is concerned, and perhaps she may not need

a college degree or several other degrees in order to be able to complete her task in this employment.

"With that in mind, I am going to rule in favor of Mr. Krupansky's motion and dismiss this case."

Skilled or otherwise, as the defendant may have been, such test has no application to the definition of "common labor" as used in Section 3773.24, Revised Code. As was stated by Judge Zimmerman in *State v. Kidd,* 167 Ohio St. 521, 527, this latter statute "is an enactment adopted by the General Assembly, is operative throughout the entire state and sets aside a specifically designated day of each week for the cessation of secular activities. * * * wisdom and common experience have long demonstrated that one full day of rest in seven is essential to the well being of all individuals, and that its observance does have a vital bearing on the health, safety, morals and general welfare of the citizenry." The word "secular" relates to worldly affairs as opposed to spiritual or ecclesiastical matters. Common labor is secular and embraces the operation of a business of selling goods, wares or merchandise and the transaction of such sales as reflected by the evidence in this case.

Under the evidence presented by the prosecutor, as shown by the bill of exceptions before us, we are compelled to conclude that the city produced sufficient proof to make out a prima facie case against the defendant of engaging in common labor, contrary to Section 3773.24, Revised Code, in directing and helping the transaction involving the sale of a Corning Ware dish with lid on a Sunday, and the court below was in error in determining that such proof did not establish a prima facie case and dismissing the affidavit and discharging the defendant.

Accordingly, exceptions are allowed.

*Exceptions allowed.*

WASSERMAN and SILBERT, JJ., concur.